[No. 1841, February 21, 1916.]

## JARAMILLO v. LOVELACE.

### SYLLABUS BY THE COURT.

Section 350 of the Postal Regulations of the United States, Edition 1913, which provides that retiring postmasters shall not remove their equipment until their successors shall have a reasonable time to purchase and install equipment, and that the latter shall pay a reasonable rental for the equipment of their predecessors, to be agreed upon between the parties, held to be a reasonable regulation and a complete defense to an action for conversion by a retiring postmaster against his successor where the latter only retained possession of the former's equipment for a reasonable length of time.

Appeal from District Court, Guadalupe County; E. L. Medler, Judge.

Action by Adelina R. Jaramillo (de Welborn) against J. I. Lovelace. From a judgment for plaintiff, defendant appeals. Reversed.

J. E. PARDUE of Ft. Sumner, for appellant.

Under the facts the defendant was not guilty of conversion.

Regulations Postoffice Department (Ed. 1913) sec. 350.

PARSONS & EDWARDS of Ft. Sumner, for appellee.

As to condition of evidence to warrant directed verdict see:

Gildersleeve v. Atkinson, (N. M.) 27 Pac. 477; Lutz v. Atlantic & Pac. R. R. Co., (N. M.) 30 Pac. 912; Lockhart v. Wills, (N. M.) 50 Pac. 318; Armstrong v. Aragon, (N. M.) 79 Pac. 291; Childers v. Hubbell, (N. M.) 110 Pac. 1051.

## OPINION OF THE COURT.

MECHEM, District Judge.—The plaintiff below, appellee here, sued for the conversion of post office fixtures. She was succeeded on April 30, 1914, by the defendant as postmaster at Ft. Sumner, N. M. She owned the furniture and fixtures in the office, and when the office was transferred by the postoffice inspector she left the fixtures in possession of the defendant, but told him that she did not want him to use them, and demanded that if he did use them he should pay her for them next day. The defendant said he proposed to use them, having none of his own, but would pay her rent for their use. Refusing this offer, she appeared next day, demanded the fixtures, did not get them, and on the 5th day of May, 1914, instituted this action. On the 11th day of the same month, the defendant tried to deliver the fixtures to plaintiff, but she refused to take them back. The defendant pleaded as a defense the following regulation of the Post Office Department (Edition 1913, § 350), which, we take for granted, was in force when appellee accepted the office:

"Postmasters are not required to purchase the equipment of their predecessors. A retiring postmaster should not remove his equipment to the detriment of the public service, when such equipment is not purchased by his successor, until the latter has had a reasonable time in which to obtain and install other equipment. Where the equipment of a predecessor is used at offices of the second or third classes, and is not included in a lease to the post office department, and at offices of the fourth class, the postmaster shall pay from his personal funds a reasonable rental for such equipment, the amount to be agreed upon between the parties interested."

Ft. Sumner is a third-class office, and the fixtures were not included in the lease. The case was tried to a jury. Verdict for the plaintiff for the value of the fixtures. Defendant appeals.

Was the defendant under the facts stated guilty of conversion? We think not. The regulations of the post office department are binding upon the plaintiff. Such a regulation the department clearly had the power to make to protect the interests of the government and of the patrons

of the office, and appellee, having accepted the office, necessarily assumed all the burdens thereof, one of which, under the rules promulgated by the proper authority, was that she should not remove the equipment to the detriment of the public service, when such equipment was not purchased by her successor, until the latter had had a reasonable time in which to obtain and install other equipment. It is not a taking of private property without due process of law, as contended by appellee, for, by accepting the office, the appointee must be held to have agreed and consented to comply with this, as with all other regulations which the department had the power to prescribe. Of course, the succeeding postmaster would only have the right to retain the equipment until he had had a reasonable time in which to obtain and install other equipment, and whether he retained such fixtures longer than was reasonably necessary would be a question of fact for the jury to determine. The predecessor, in case of failure or inability to agree with his successor, as to the amount of rental for the use of such fixtures, would likewise be entitled to have the amount determined by a jury.

For the reasons stated, the judgment of the trial court will be reversed.

ROBERTS, C. J., and PARKER, J., concur.